IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**LENNOX BUCKLEY,**

        Petitioner,

**v.**

**UNITED STATES OF AMERICA,**

        Respondent.

**Civil Action No.: 2:16CV56**
**Criminal Action No.: 2:14CR19**
**(BAILEY)**

## REPORT AND RECOMMENDATION[1]

## I.   INTRODUCTION

On July 5, 2016, Lennox Buckley (Petitioner), proceeding pro se, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Civil Action No. 2:CV56, ECF No. 1; Criminal Action No. 2:14CR19, ECF No. 57). The undersigned now issues this Report and Recommendation on the Petitioner's motion without holding an evidentiary hearing.  For the reasons set forth below, the undersigned recommends that the Petition be denied.

## II.   BACKGROUND

On March 31, 2014, Petitioner and his counsel executed a plea agreement to a one count information charging Petitioner with distribution of more than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), and 841(b)(1)(c).  ECF No. 8. In pertinent part, the plea agreement between parties included a standard cooperation provision that required Petitioner to be "completely forthright and truthful with federal

---

[1] Throughout this Report and Recommendation, all ECF numbers refer to entries in the docket of Criminal Action No. 2:14CR19 unless stated otherwise.

officials" regarding "all inquiries made of him." ECF No. 8 at 2.   Additionally, the agreement stipulated to an appellate waiver, stating that Petitioner "knowingly waives the right to appeal and collaterally attack any sentence within the Sentencing Guidelines range corresponding to a base offense level of 26 or lower." Id. at 4.  Furthermore, the agreement stipulated that the Government could refuse to recommend guideline reductions for acceptance of responsibility or a lower guideline sentence for Petitioner "[i]f, in the opinion of the United States, [Petitioner] either engages in conduct defined under Application Notes 4(a)-(k) of Guideline § 3C1.1, fails to cooperate as promised,…or violates any other provision of this plea agreement." Id. at 3-4. In exchange for the plea, the Government agreed to dismiss the indictment in Case No. 2:13cr49 as at related to Petitioner.[2] Id. at 2

On April 8, 2014, a plea hearing was commenced in front of Magistrate Judge Kaull regarding the plea agreement between the parties. ECF No. 7.   During this hearing, the Government summarized the terms of the plea agreement, noting the aforementioned provisions. ECF No. 41 at 4-10.  Also, during said hearing, Petitioner's counsel acknowledged that there were other plea agreements offered by the Government, but the executed agreement was the most favorable to Petitioner. Id. at 11.  Petitioner's counsel similarly noted that both Petitioner and the Government had "oral discussions" about other aspects of the agreement, but they "decided not to alter the provisions of [the] agreement [,a]nd this is the one that [Petitioner] agreed on." Id. at 10 and 11.   Petitioner himself then stipulated that the executed plea agreement was, in

[2] On December 17, 2013, Petitioner, an illegal alien from Jamaica, was named in a fourteen count indictment charging him with conspiracy to distribute marijuana, conspiracy to distribute cocaine, maintaining a drug-involved premises, and two counts of possession with intent to distribute marijuana.

fact, the agreement that was reached with the Government. Id.

   During the remainder of the aforementioned hearing, Magistrate Judge Kaull reviewed the appellate waiver of the agreement with Petitioner in further detail, and Petitioner acknowledged that he could only file an appeal if his base offense level under the sentencing guidelines was 27 or higher. Id. at 24.  Petitioner went on to deny that his counsel improperly refused any of Petitioner's requests, and affirmed that he was "completely satisfied with the legal assistance, counseling, and actions" that his counsel provided. Id. at 41.  Moreover, Petitioner acknowledged that no person, including his counsel, "made any other or different promises or assurances to get [Petitioner] to plead guilty other than what are in [the plea] agreement." Id.   Ultimately, after further questioning, Magistrate Judge Kaull accepted Petitioner's plea of guilty as knowing, voluntary and intelligent. Id. at 36.

   On April 29, 2014, the Government debriefed Petitioner regarding his offense and his knowledge of related drug distribution activity. See Presentence Investigation Report ("P.S.R.") ECF No. 29 at 10.   During this debriefing, Petitioner "(1) did not truthfully admit to conduct comprising either the offense of conviction or relevant conduct, (2) he provided false responses to material questions by the debriefing agent, and (3) he tampered with at least one potential sentencing witness by directly asking the witness to not attend [Petitioner's] sentencing hearing." Id.   As such, the Government took the position that Petitioner was not entitled to any guideline reductions for acceptance of responsibility. Id.

   On August 26, 2014, a sentencing hearing was commenced. ECF No. 27.  In the course of that hearing, Petitioner's counsel raised several objections to the P.S.R. ECF

No. 39 at 4-5.  Chiefly, Petitioner's counsel contested an enhancement for possession of a firearm.  Id.  In response to Petitioner's objections to the PSR, the Government called several witnesses, including Shasta Shaver, Petitioner's live-in girlfriend.  Id.  In pertinent part, Ms. Shaver testified that Petitioner possessed at least one firearm.  Id. at 12.  Another witness, Buddy Knight, a marijuana customer, testified that he sold a .40 caliber pistol to Petitioner.  Id. at 27.

While litigating the application of the firearm enhancement, counsel for the Government and Petitioner's counsel acknowledged that discussions about the issue took place, but both parties recognized that no agreement on the issue had been memorialized.  Id. at 59.  After arguments were heard on both sides, Judge Bailey overruled Petitioner's objections to the firearm enhancement.  Id. at 60.  After ruling on Petitioner's additional guideline objections, Judge Bailey calculated the total guideline offense level as 36 and found that the corresponding recommended range of imprisonment was 292 to 365 months.  Id. at 65.  The court consequently imposed a sentence of 240 months imprisonment (the statutory maximum sentence) and three years of supervised release.  Id.

On August 28, 2014, Petitioner timely filed an appeal challenging the district court's sentence. ECF No. 32. On April 9, 2015, the appeal was dismissed. ECF No. 54. The Fourth Circuit issued a mandate on May 1, 2015.  ECF No. 56. Petitioner timely filed this this § 2255 motion on July 5, 2016. ECF No. 57.

### III.   ANALYSIS

**A.   Petitioner's Grounds for Relief**

In the Petition, Petitioner raises three grounds for relief. First, Petitioner argues

that his Sixth Amendment right to effective assistance of counsel was violated when his trial court counsel, Deirdre Purdy, Esq., failed to have a "no gun enhancement concession" memorialized in Petitioner's plea agreement. Id. at 4.  Second, Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel failed to seek to avoid the breached plea agreement and withdraw the guilty plea. Id. at 5. Third, Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel advised him to accept a plea that did not preserve his right to appeal a ruling on his motion to suppress. Petitioner likewise argues that his appellate counsel was ineffective for failing to argue his right to appeal the same ruling. Id. at 7.  Accordingly, Petitioner requests that the Court order an evidentiary hearing on "any disputed material fact" in his case. Id. at 14.

**B.   Legal Standards**

**1.  Ineffective Assistance of Counsel Claims**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington. See Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must show that counsel was objectively unreasonable. Strickland, 466 U.S. at 688. In other words, the defendant

must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the Sixth Amendment." Id. at 687 However, a reviewing court does not "grade" the counsel's performance and a strong presumption exists that the "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance from counsel's perspective at the time." Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002).

To satisfy the "prejudice" prong, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Consequently, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See id. at 691. The Fourth Circuit has recognized that, if a defendant "cannot demonstrate the requisite prejudice, [then] a reviewing court need not consider the performance prong" and vice versa. See Fields, 956 F.2d at 1297.

### 2.  The Effects of Sworn Statements Taken in Open Court

The Fourth Circuit has ruled that "[A] defendant's solemn declarations in open court affirming [a plea] agreement…carry a strong presumption of verity." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977) (internal quotation marks omitted). Accordingly,

> in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated – 'permitting quick disposition of baseless collateral attacks.'

Id. at 221-22 (quoting Blackledge, 431 U.S. at 79 n. 19).

**C.     Analysis of the Petition**

    **1.     The Merits of Petitioner's Grounds for Relief**

        **a. Ground One: Whether petitioner's trial counsel provided ineffective assistance by failing to memorialize an agreement with the Government to neutralize the gun enhancement.**

Petitioner contends that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel, Deirdre Purdy, Esq., committed numerous errors in his case. ECF No. 57. First, Petitioner argues that his trial counsel's inability to memorialize an agreement that would nullify a gun enhancement qualifies as a violation of his Sixth Amendment right to effective counsel. Id. at 4.  The Government argues that Petitioner's claim is moot and inconsequential due to the claim directly contradicting Petitioner's sworn statements at his plea hearing. ECF No. 68 at 6.

In the present case, the undersigned finds that Petitioner fails to meet his burdens under the Strickland two-pronged test. Regarding the "performance" prong of the test, Petitioner has failed to prove that Ms. Purdy's conduct objectively falls outside of the wide range of reasonable professional assistance.  As noted above, Petitioner's trial counsel did, in fact, object and argue against the gun enhancement. While the court ultimately overruled those objections, it cannot be reasonably said that Petitioner's counsel failed to provide "reasonable professional assistance" on the issue.

However, assuming _arguendo_ that Petitioner meets the "performance" prong of the test, Petitioner still fails to meet the "prejudice" prong.  Indeed, Petitioner fails to show that Ms. Purdy's conduct was so erroneous and severe that it deprived him of a fair trial. Instead, Petitioner merely speculates that, but for Ms. Purdy's actions, the

result of the criminal proceeding would have been different. In fact, even if the gun enhancement was inapplicable, the corresponding guideline range for a total offense level of 34 (criminal history category V) would have been 235 to 293 months, which would still incorporate his 240 month sentence.

Moreover, Petitioner acknowledged under oath that no other unwritten promises or assurances induced him to execute the plea. ECF No. 41. Petitioner also affirmed under oath that he was "completely satisfied" with his counsel. Id. Petitioner's § 2255 motion fails to identify any "extraordinary circumstances" that would lead the undersigned to cast doubt on the truthfulness of Petitioner's sworn statements during his plea hearing. See Lemaster, 403 F.3d at 221-222; ECF No. 57. Consequently, the undersigned finds that Petitioner's argument is without merit.

### b. Ground Two: Whether Petitioner's trial counsel provided ineffective assistance by failing to advocate for the voiding of the breached plea agreement and withdrawal of guilty plea

Petitioner claims that his trial counsel, Ms. Purdy, failed to argue for voiding the memorialized plea agreement due to a breach of that agreement by the Government, and this failure violated his Sixth Amendment right to effective assistance from counsel. ECF No. 57 at 5. The Government argues that Petitioner's counsel had no basis to argue that the plea agreement was void. ECF No. 68 at 8.

The undersigned finds that Petitioner fails to adequately show how or in what way the Government breached the memorialized plea agreement that would warrant a voidance of Petitioner's guilty plea. In Petitioner's § 2255 motion, he supports this assertion by claiming:

> [C]ounsel condoned the breach by justifying her own failures to memorialize the no gun [enhancement provision] and by not being clear or

candid when asked by the [Magistrate] Judge if [the memorialized agreement] was the only agreement that was offered to [Petitioner].

ECF No. 57 at 5.   As previously addressed, Petitioner did allude to discussions regarding the gun enhancement during Petitioner's plea hearing.  ECF No. 41 at 10-11. However, both Petitioner and his counsel decided that the memorialized version of the agreement was the one they agreed upon.  Id.  Furthermore, Petitioner, himself clearly spoke under oath that the memorialized agreement was the entire agreement made between himself and the Government.  Id. at 11.

In Petitioner's § 2255 motion, he fails to specifically identify how or in what manner the Government breached the memorialized agreement.  There is, however, evidence that Petitioner breached the memorialized plea agreement by contacting a witness in an attempt to limit the testimony against Petitioner's gun enhancement.  See ECF No. 29.  As such, it would appear that Petitioner, not the Government, breached the memorialized plea agreement.

Finally, the Fourth Circuit has set a standard for when a withdrawal of a guilty plea on the basis of ineffective assistance of counsel is warranted. See United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). In Dyess, the court ruled that:

> To justify a withdrawal of a guilty plea on the basis of ineffective assistance of counsel, a defendant must show 1) that his counsel's actions fell below an objectively reasonable standard, and 2) that but for the attorney's errors, it is reasonably probable that the defendant would have chosen to face trial rather than plead guilty.

Id. at 237 (citing United States v. Ubakanma, 215 F.3d 421, 425 (4th Cir. 2000); United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir. 1989)). Even if the undersigned were to entertain Petitioner's claims that his counsel's actions fell below an objectively reasonable standard, Petitioner fails to adequately show that but for his counsel's

actions, Petitioner would have most likely faced trial rather than pleading guilty.    For these reasons, the undersigned finds that Petitioner's argument is without merit.

   **c. Ground Three: Whether Petitioner's trial counsel provided ineffective assistance by advising him to accept a Plea that did not preserve his right to appeal a ruling on his motion to suppress and whether appellate counsel was ineffective for failing to argue his right to appeal the same ruling.**

Petitioner's claims in ground three of his § 2255 motion also contradict his plea colloquy statements under oath. As mentioned above, Petitioner fully acknowledged under oath that the memorialized plea agreement, which had been summarized by the Government and Magistrate Judge Kaull, represented the full and complete agreement between Petitioner and the Government. ECF No. 41 at 26.  The aforementioned plea agreement provides that Petitioner knowingly "waives the right to appeal and collaterally attack any sentence within the Sentencing Guidelines range corresponding to a base offense level of 26 or lower." ECF No. 8 at 4.  Moreover, Petitioner acknowledged his understanding of the appellate waiver provision of the plea agreement. ECF No. 41 at 23.

Furthermore, Magistrate Judge Kaull clarified that Petitioner's motion to suppress related exclusively to the "indictment case," which was ultimately dismissed in exchange for the plea to the information. ECF No. 41 at 11-12.  The indictment was dismissed by the judgment entered by Judge Bailey on August 28, 2014. ECF No. 30 at 1. See also ECF No. 154 in 2:13cr49.  Therefore, the appellate counsel would have no reasonable basis to address the motion to suppress on appeal. Lastly, Petitioner's § 2255 motion fails to identify any "extraordinary circumstances" that would lead the undersigned to

question Petitioner's sworn testimony. See Lemaster, 403 F.3d at 221-222; ECF No. 57. Therefore, the undersigned finds that Petitioner's argument is without merit.


## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 2:CV56, ECF No. 1; Criminal Action No. 2:14CR19, ECF No. 57] be **DENIED** and **DISMISSED WITH PREJUDICE**. Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable JOHN PRESTON BAILEY, United States District Judge.   Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).


The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.   The Court further directs the Clerk of the Court to mail a copy of this

Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 13, 2017.

/s Robert W. Trumble

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE