# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**LENNOX BUCKLEY,**

      Petitioner,

v.

      **CIVIL ACTION NO. 2:16-CV-56**
      **CRIMINAL ACTION NO. 2:14-CR-19**
      **(BAILEY)**

**UNITED STATES OF AMERICA,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Crim. Doc. 80; Civ. Doc. 9]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on July 13, 2017, wherein he recommends this Court deny and dismiss the petitioner's motion with prejudice.

## I. BACKGROUND[1]

Petitioner entered into a plea agreement in which he agreed to plead guilty to a one count information charging him with distribution of over 50 kilograms of marijuana, in exchange for the dismissal of several charges in an earlier indictment [Civ. Doc. 8, p. 2]. The last paragraph of the agreement states that "[t]he above sixteen (16) paragraphs

---

[1] The factual and procedural history of the case is laid out in detail over several pages in the R&R [Civ. Doc. 9].

constitute the entire agreement between Mr. Buckley and the United States of America in this Matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement." Id. at 5. The petitioner signed and dated each page of the plea agreement. Id. at 1-5. At no point in the written plea agreement or the oral summary of the agreement at the plea hearing does the Government agree to waive or not pursue a gun enhancement at sentencing. Id.

Magistrate Judge John Kaull conducted a plea hearing on April 8, 2014, wherein the Government summarized the terms of the agreement, and the petitioner affirmed that the agreement summarized by the Government was the agreement he had reached with the U.S. Attorney's Office [Crim. Doc. 68-1, p. 21]. Magistrate Judge Kaull conducted a Rule 11 colloquy, in which petitioner affirmed that he was "completely satisfied with the legal assistance, counseling, and actions" of his counsel, Deirdre Purdy ("Purdy") [Crim. Doc. 68-1, p. 35]. Additionally, petitioner affirmed that there were no additional representations or promises made to induce him to plead guilty outside of what was listed in the plea agreement. Id.

After sentencing, the petitioner appealed to the United States Court of Appeals for the Fourth Circuit. His appeal was dismissed on April 9, 2015 as barred by a valid appellate waiver [Crim. Doc. 54]. Subsequently, petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence (2255) on July 5, 2016 [Civ. Doc. 1].

In his motion, petitioner raised three issues: (1) whether trial counsel was ineffective for failing to obtain a memorialized waiver in his plea agreement of a gun enhancement that was orally discussed with the Assistant U.S. Attorney; (2) whether trial counsel was

2

ineffective when she did not argue that the plea agreement was void and should be withdrawn because it was breached by the Government and was not voluntary, knowing, or intelligent; and (3) whether trial counsel was ineffective when she allowed the petitioner to plead guilty to a conditional guilty plea on a non-dispositive pretrial suppression issue, and whether appellate counsel was ineffective for failing to argue this as a clear error on appeal [Civ. Doc. 1-1, p. 4]. The R&R thoroughly addressed each of these arguments, and found that the petitioner's claims lacked merit and recommended dismissal with prejudice.

The petitioner timely filed objections to the R&R on July 31, 2017 [Civ. Doc. 11]. The petitioner's objections make limited reference to the R&R and the remainder is a general restatement and elaboration of claims the R&R thoroughly addressed. The discernible objections to specific portions of the R&R will be discussed in turn.

## II.   APPLICABLE LAW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and

the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections on July 31, 2017 [Civ. Doc. 11]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The docket reflects that service was accepted on July 17, 2017 [Civ. Doc. 10]. The remainder of the R&R will be reviewed for clear error.

## III. DISCUSSION

First, petitioner objects that the magistrate judge failed to consider "any of my assertions filed and incorporated in my response brief which extend to the United States' reply brief." [Civ. Doc. 11]. This Court reviewed the petitioner's response brief, [Crim. Doc. 79], and found that it does not raise any new arguments or issues for review that were not already addressed by the R&R and simply restates the arguments of the original petition. This Objection is **OVERRULED**.

The petitioner asserts that the R&R inappropriately relied on his sworn statements at the plea hearing, because he was "misadvised" by Purdy "that there will not be a Gun enhancement provision as part of the March 31, 2014 plea-agreement." [Civ. Doc. 11, p.

4

4]. The petitioner argues that had he known that he would receive the gun enhancement he would not have entered a guilty plea and would have proceeded to trial–despite petitioner's argument to the contrary, this does not change the weight of his sworn statements. The plea agreement that the petitioner signed and the summary he agreed to at his hearing expressly exclude the existence of any agreements outside of those stated [Crim. Doc. 68-1, 23]. Therefore, his argument is essentially that his statement affirming that there were no other agreements or inducements outside of the plea agreement is void, because he believed that there was another agreement or inducement. This Objection is therefore **OVERRULED**.

Next, the petitioner broadly asserts that "only a voluntary and intelligent guilty plea is constitutionally valid." Liberally construing this section, petitioner appears to object to the finding in the R&R that trial counsel was not ineffective for failing to advocate for the voiding of the plea [Crim. Doc. 80, p. 8]. Petitioner argues that his plea was not knowing and voluntary because he believed that he would not be subjected to a gun enhancement because of an agreement not contained within the formal plea agreement. Like his previous objection, the petitioner's argument is wholly contradicted by his own sworn testimony at the plea hearing, where he affirmed that there were no other agreements that formed the basis for his plea beyond those contained in the written agreement [Crim. Doc. 68-1, p. 23]. Like his previous objection, this Objection is **OVERRULED**.

The petitioner then appears to assert that his plea was not knowing, because he was not informed by the magistrate judge or by counsel of the elements of the offense. Petitioner states that "[t]he record is devoid of any elements or instructions to the crime that

5

is required" under the pertinent laws–however, on examination of the plea hearing transcript, this proves false. At the plea hearing, the record reflects that Magistrate Judge Kaull detailed the elements of the offense in the information to the petitioner, [Crim. Doc. 68-1, 29], and the petitioner confirmed that he understood those elements and had discussed them with his attorney. Id.

The petitioner also asserts two broad constitutional claims to the U.S. Sentencing Guidelines for the first time in his Objections. While this Court is obliged to determine *de novo* "any issue to which a proper objection is made" and all arguments directed to that issue, **United States v. George**, 971 F.2d 1113 (4th Cir. 1992), *new issues* raised before the district court do not require such analysis. **Samples v. Ballard**, 860 F.3d 266, 273 (4th Cir. 2017) (extending the **George** framework to habeas petitions). "[A]n 'issue' in the habeas context is a ground for relief, and 'arguments' are the legal positions related to the ground for relief." *Id.* at 274.

In his initial habeas petition, petitioner asserted three discrete claims of ineffective assistance of counsel. Petitioner's newly asserted constitutional arguments do not relate to any issues previously raised; instead, they present entirely new issues that are not entitled to *de novo* review. As in **Samples v. Ballard**, these "are new grounds for relief, and under the **George** framework . . . that makes them new 'issues' and not new 'arguments' related to issues contained within the [original habeas] petition." *Id.* at 275. Even if this Court were to consider these new issues, they would not succeed because

they are unintelligible or predicated upon mistakes of law.[2]

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation** [Crim. Doc. 80; Civ. Doc. 9] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's Objections [Crim. Doc. 82; Civ. Doc. 11] are **OVERRULED**. Accordingly, this Court **ORDERS** that the Motion to Vacate under 28 U.S.C. § 2255 [Crim. Doc. 57; Civ. Doc. 1] be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

---

[2] For example, the petitioner asserts that the U.S. Sentencing Guidelines "are non-constitutional and thus, can not be used even as advisory and 18 U.S.C. § 3661 are unconstitutional." [Civ. Doc. 11, p. 8]. Petitioner, throughout his objections, appears to base his argument on the belief that the sentencing guidelines can increase the minimum or maximum penalties authorized by law, rather than operating within the boundaries authorized by law–the enhancements to which petitioner refers only impact the advisory Guidelines calculations. *See, e.g.*, ***Alleyne v. United States***, 133 S.Ct. 2151, 2163 (2013) ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury.")

**DATED:** September 19, 2017

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE